(C.D. 2853)

MANNESMANN-MEER, INC. *v*. UNITED STATES

United States Customs Court, Second Division

(Decided on rehearing [Abstract 69260] December 14, 1966)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff. *Barefoot Sanders*, Assistant Attorney General (*Arthur H. Steinberg* and *Andrew P. Vance*, trial attorneys), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: This case is now before us by virtue of a motion for rehearing made on behalf of defendant, 55 Cust. Ct. 384, Abstract 69424. The case was originally decided and reported in 54 Cust. Ct. 405, Abstract 69260, and involved the proper classification of certain high pressure hydraulic pumps which were classified under the provisions of paragraph 353, Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as articles having as an essential feature an electrical element or device, or parts thereof. We therein sustained the protest and held said pumps to be properly subject to duty under the provisions of paragraph 372 of said act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as other machines, not specially provided for.

The original record as made constitutes the record before the court. At the time the case was called for further evidence, the parties submitted, without offering any additional evidence.

It is the contention of defendant that the testimony of plaintiff's sole witness was insufficient, as a matter of law, to overcome the presumption of correctness attaching to the classification of the collector. It is pointed out that the testimony of the witness, called on behalf of plaintiff, with respect to the use of the involved pumps in machines other than those imported was based upon hearsay evidence. It was contended by defendant that the witness' admission that, with respect to use, other than with the imported machine, his knowledge was limited to sales brochures and not actual knowledge.

A review of the record establishes that the witness has been in the field involved since 1935, and he has unequivocally stated that the involved pump "is a commercial hydraulic fluid pump. It is manufac-

tured by a firm other than ours. It is used for any type of hydraulic system." It is likewise true that the record does reflect that, as far as actual use is concerned, the witness' knowledge was limited to the imported machine and sales brochures.

It seems to us that a witness whose experience dates back to 1935 is in a position of an expert witness and is certainly entitled to give opinion evidence as to whether or not the imported pumps are such as would permit their use in any hydraulic system. We feel that the weight of this evidence is sufficient to overcome the presumption of correctness attaching to the classification of the collector.

For the reasons set forth in our original opinion, we find that the imported pumps are properly subject to classification under the provisions of paragraph 372 of said act, as modified, *supra*, as other machines, not specially provided for, and as such properly dutiable at the rate of 11½ per centum ad valorem.

Judgment will be entered accordingly.